## LEE'S HEIRS *vs.* BURKE.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

The 433d article of the Code of Practice, requires that after depositions of witnesses are taken, the commissioner must cause them to be signed, and then draw a *procès verbal* of the taking such depositions.

But the Code does not require that the *procès verbal* shall, under pain of nullity, immediately follow the examination of the witnesses. It is sufficient, if, within a reasonable time after their examination or oath, and their depositions reduced to writing and signed, the commissioner makes his certificate of the manner in which he has executed the commission.

Any opinion which the commissioner may append to his certificate, or *procès verbal*, about the sufficiency of the proof, to establish the fact in which the witnesses have been examined, will be considered harmless, and of no effect.

This is an action against the defendant, as surety in a curator's bond.

The plaintiff, Elizabeth Lee, residing in Harford county, Maryland, alleges, that she is the lawful heir of one Corbin

Lee, who was domiciliated, and died in the parish of Iber-ville, in the year 1829, leaving property, as per inventory, amounting to one thousand eight hundred and eighty dollars.

That in January, 1830, one James Lee, was appointed curator of his estate, with the defendant, as his surety.

That the time for which said curator was appointed, has long since expired, and he has never rendered an account of his administration, but on the contrary, took possession of all the property of said estate, and has converted it to his own use, by reason of which the penalty of his curator bond has become forfeited, and his surety liable for the sum of two thousand three hundred and fifty dollars.

The defendant first excepted to the jurisdiction of the court, averring that the matters set forth, were exclusively cognizable in the Court of Probates. The exception was overruled.

· The defendant in his answer, denied the plaintiff's capacity as heir : he further averred, that he could only be made liable, if at all, for the value of the property unaccounted for, and not for the penalty of the bond. That the curator paid debts of the succession, to the amount of the full value thereof; and especially a debt to him, the respondent, for eight hundred dollars, who was a creditor. Other facts are pleaded, specially to show a diminution of the succession, and that the surety is not responsible for any amount on the bond.

A commission was taken out, by the plaintiff's counsel, to the state of Maryland, to obtain testimony establishing ·the heirship of the plaintiff. On its return, various exceptions were taken to the manner of executing it, which are stated at large in the opinion of the court, by judge Bullard.

The plaintiff appealed from judgment, rejecting her demand.

*Stacy*, for the plaintiffs, argued the case *ex parte.*

*Bullard, J.,* delivered the opinion of the court.

The petitioner, alleging himself to be the heir at law of Corbin Lee, deceased, instituted the present suit against the

defendant, as surety of James A. Lee, in a bond executed by him on his appointment, as curator of the vacant estate of said Corbin Lee.

An exception to the jurisdiction of the District Court, having been, we think, correctly overruled, the defendant answered to the merits, and among other matters, not now necessary to mention, specially denied the heirship of the plaintiffs. In order to establish the fact of heirship, a commission was issued, addressed to Stevenson Archer, Henry G. Waters, or some other magistrate of Harford county, state of Maryland, as commissioners.

On the trial in the District Court, certain depositions of witnesses, taken under that commission, were offered in evidence, and rejected; and the case is before this court, upon a bill of exceptions, taken to the opinion of the judge in that particular.

The ground upon which the depositions were rejected, appears from the bill of exceptions, to have been that the *procès verbal* required by law, to attest the *jurat* of the witness, should have constituted one consecutive act; should appear to have been done simultaneously, or immediately after the oath had been administered and reduced to writing, whereas, this appears to have been done on a subsequent day, and, if allowed, might be extended to any length of time; and on the further ground, that the certificate is informal, not directly, but by way of recital, and evidently executed by an improper and partial commissioner.

It appears from the return to the commission, that several witnesses were examined on oath; that the acting commissioner commenced the examination on the 25th of January, 1836, continued it on the 26th, and the commission was finally closed, and the *procès verbal* bears date the 28th of the same month. In the caption, the commissioner merely certifies under his signature, that in virtue of the annexed commission, he had summoned several witnesses to appear before him, and that he had administered an oath to them seperately, and that he had proceeded to take their answers to the several interrogatories. On closing the commission

three days afterwards, he certifies that some of the witnesses had been examined on the 25th, and some on the 26th, and that their answers to the interrogations will be found above each of their own proper signatures. The whole are annexed to the commission and original interrogatories, and returned under the seal and signature of the commissioner. It appears to us that this is, if not a literal, yet a subtantial compliance with the 433d article of the Code of Practice, which requires that after the depositions have been taken, the commissioner must cause them to be signed, and that he shall then draw a *procès verbal* of the taking of such depositions. The Code does not require that the *procès verbal* shall, under pain of nullity, immediately follow the examination of the witnesses. It is sufficient, in our opinion, if within a reasonable time after the witnesses have been examined on oath, and their depositions reduced to writing and signed, as required by law, the commissioner makes his certificate of the manner in which he has executed the commission.

The last objection, to wit: that the commission was evidently executed by an improper and partial commissioner, appears to be founded on a statement made by him, and appended to his *procès verbal*, that "he did not think it necessary to multiply testimony, else it would be no difficult matter to find ten or fifteen respectable witnesses that would testify to the same facts, &c. If he only meant to say that the fact sought to be proved, was as well established by the oath of four witnesses, as it would be by ten or fifteen others, it was certainly a very harmless opinion. His opinion, as to the sufficiency of the evidence, could not possibly have any influence in the decision of the cause, for his *procès verbal* is only intended to satisfy the court, that the depositions of the witnesses have been regularly taken, and they alone are to be received in evidence. The commission issued by the District Court in this case, authorized the commissioners to examine *all witnesses* whatever, without naming any in particular. The commissioner perhaps thought himself obliged to state why he did not proceed to examine any others than those specially named in the interrogatories; at any rate, we

EASTERN DIST.
*February*, 1837.

LEE'S HEIRS
*vs.*
BURKE.

The 433d article of the Code of Practice requires that after depositions of witnesses are taken, the commissioner must cause them to be signed, and then draw a *procès verbal* of the taking such depositions.

But the Code does not require that the *procès verbal* shall, under pain of nullity, immediately follow the examination of the witnesses. It is sufficient, if within a reasonable time after, their examination on oath, and their depositions reduced to writing and signed, the commissioner makes his certificate of the manner in which he has executed the commission.

Any opinion which the commissioner may append to his certificate or *procès verbal*, about the sufficiency of the proof to establish the fact, in which the witnesses have been examined, will be considered harmless, and of no effect.

EASTERN DIST.
*February,* 1837.

HUTCHISS,
TUTOR, &c.
*vs.*
DODD ET AL.
are of opinion, that such an intimation from him, forms no sufficient ground for rejecting the depositions, and that the court erred.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be annulled, avoided and reversed; that the case be reinstated and remanded for a new trial, with instructions to the judge, not to reject the depositions in question on the grounds set forth in the Bill of Exceptions, and that the appellee pay the costs of the appeal.